**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **CHARLES E. MARSHALL,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:14-CV-411 (MTT)** |
| | ) | |
| **NICHIHA USA, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Plaintiff Charles Marshall brings this action against his employer, Defendant

Nichiha USA, Inc.  He alleges violations of 42 U.S.C. § 1981, Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act

of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*  Before the Court is the Defendant's motion

to partially dismiss the Plaintiff's amended complaint.  (Doc. 18).  For the following

reasons, the motion is **GRANTED.**

## I.    BACKGROUND

On November 25, 2014, the Plaintiff, who is African-American, filed a *pro se*

complaint alleging that the Defendant failed to promote him numerous times on the

account of his race and because he provided a statement to the Occupational Safety

and Health Administration ("OSHA").  (Doc. 1 at 2).  The Plaintiff attached to his

complaint the EEOC charge he filed without the aid of counsel, as well as a seven-page

letter he sent to the EEOC that describes the discriminatory treatment he suffered.

(Docs. 1-1; 1-2; 15 at 1).  The subject of the letter is "[d]iscrimination based on race &

retaliation for OSHA statement." (Doc. 1-1 at 1). The letter details how the Plaintiff was "targeted" after he provided a statement to OSHA and how he was never promoted to the "maintenance operator specialist" job, although he applied and was qualified for the job. (Doc. 1-1 at 1-2). The Plaintiff alleges the six men who were promoted over him were all white and some were less qualified. (Doc. 1-1 at 2, 7). The Plaintiff does not reference age in the letter or the EEOC charge.

On April 13, 2015, the Plaintiff, with the aid of counsel, amended his complaint to include claims under 42 U.S.C. § 1981 (Count II) and ADEA (Count III). (Docs. 16; 16-1). The Plaintiff argues the Defendant violated AEDA by demoting him and refusing to promote him because he is over the age of 40. (Doc. 16-1 at ¶ 27). The Plaintiff also argues his "work experience made him substantially more qualified than the younger Caucasian men who were hired for the positions." (Doc. 16-1 at ¶ 30). The Defendant has moved to dismiss the ADEA claim, arguing that the Plaintiff has failed to exhaust his administrative remedies regarding this claim. (Doc. 18).

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### B.    Exhaustion of Administrative Remedies

Prior to filing a Title VII action, a plaintiff must file a charge of discrimination with the EEOC.  *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (citation omitted).  The purpose of the exhaustion requirement is to permit the EEOC the first opportunity to investigate the alleged discriminatory practices, and "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  *Id.* at 1279-80 (internal quotation marks and citations omitted).  However, "the scope of an EEOC complaint should not be strictly interpreted" to avoid Title VII claims being easily barred by procedural technicalities.  *Id.* at 1280 (internal quotation marks and citations omitted).  Thus, "judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but … allegations of new acts of discrimination are inappropriate."  *Id.* at 1279-80 (citing *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir.

-3-

1989)).  The "proper inquiry" is whether the Plaintiff's complaint "was like or related to, or grew out of, the allegations contained in [his] EEOC charge."  *Id.* at 1280.

Liberally construing the Plaintiff's EEOC charge, the Court cannot find the facts alleged in his charge encompass claims of discrimination based on age.  Nowhere does the Plaintiff state he believes he was discriminated against because of his age.  The Plaintiff checked the box for race but not for age.  (Doc. 16-2 at 1).  In the narrative portion of the EEOC charge, the Plaintiff states, "I believe I have been discriminated against because of my race (African-American), in violation of Title VII of the Civil Rights Act of 1964, as amended."  (Doc. 16-2 at 1).  The Plaintiff also did not reference age in the seven-page letter that describes the discriminatory treatment he suffered.  (Doc. 16-4).  The letter focuses solely on race and the OSHA statement he provided.  Therefore, the EEOC could not reasonably be expected to investigate age discrimination based on the Plaintiff's letter or charge form.  *See Holmes v. Ala. Bd. of Pardons & Paroles*, 591 F. App'x 737, 745-46 (11th Cir. 2014); *Hillemann v. Univ. of Cent. Fla.*, 167 F. App'x 747, 749-50 (11th Cir. 2006); *Ramon v. AT & T Broadband*, 195 F. App'x 860, 866 (11th Cir. 2006).

Because the Plaintiff has failed to exhaust his administrative remedies regarding his AEDA claim, it is barred.  The Defendant argues the AEDA claim should be dismissed with prejudice.  The Plaintiff does not respond to the Defendant's argument nor argue that the claim should be dismissed without prejudice.  Therefore, the AEDA claim (Count III) is **DISMISSED with prejudice**.  This dismissal is with prejudice "solely as to the question whether [the Plaintiff] ha[s] failed to exhaust administrative remedies before filing [his] civil action under Title VII."  *Lebron-Rios v. U.S. Marshal Serv.*, 341

F.3d 7, 13 (1st Cir. 2003).  However, the dismissal of the Plaintiff's AEDA claim is without prejudice to any civil action filed after exhaustion of administrative remedies.  *Id.*

## III.   CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss (Doc. 18) is **GRANTED**.

**SO ORDERED**, this 1st day of June, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT